**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

DEMETRIUS WILLIAMS,            )
                              )
            Petitioner,        )
                              )
v.                            )            **Case No. 02-CV-0570-CVE-SAJ**
                              )
OKLAHOMA DEPARTMENT OF         )
CORRECTIONS,                   )
                              )
            Respondent.        )

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus proceeding.  Petitioner is a state prisoner and is

represented in this matter by attorney Gloyd McCoy (Dkt. # 1).  Respondent has filed a response and

has provided the state court record necessary for adjudication of Petitioner's claim (Dkt. # 4).  After

a comprehensive review of the pleadings and record provided, the Court finds the petition should

be denied.

### *BACKGROUND*

Pursuant to 28 U.S.C. § 2254 (e)(1), historical facts as found by a state court are presumed

correct.   In Petitioner's state court direct appeal, the Oklahoma Court of Criminal Appeals

("OCCA") summarized the background facts as follows:

> On March 19, 1999, Appellant returned his daughter Toinan to his
> ex-wife, LaWane Williams, following weekend visitation with this
> daughter. At the door of Williams' apartment, Appellant turned his
> daughter over to Ivan Mays, Williams' live-in boyfriend. As
> Appellant walked back to his car, Mays followed Appellant and
> started cursing him. When Appellant reached his car, he said Mays
> started hitting him repeatedly in the head. Appellant testified he was
> fearful for his life and so he pulled a gun from beneath his car seat
> and shot Mays. Mays died from the gunshot wounds.

(Dkt. # 4, Ex. B).

In Tulsa County District Court, Case No. CF-99-1419, on October 18-22, 1999, Petitioner was tried by a jury. Petitioner testified in his own behalf at trial claiming he acted in self defense. Nonetheless, he was convicted of Murder in the First Degree.  The trial court sentenced Petitioner to life imprisonment without the possibility of parole.  He was represented at trial by attorney Daimon Jacobs.

Petitioner appealed his conviction and sentence to the OCCA. On appeal, Petitioner was represented by attorney Gloyd L. McCoy.  He raised four (4) propositions of error as follows:

Proposition No. I:    The evidence was insufficient as a matter of law to sustain Mr. Williams' conviction for first degree murder; the state failed to prove beyond a reasonable doubt that Mr. Williams was not acting in self-defense.

Proposition No. II:    The trial court committed fundamental reversible error in failing to instruct the jury on the lesser offense of first-degree manslaughter; defense counsel was ineffective in failing to request the proper lesser included offense instruction.

Proposition No. III:    Mr. Williams was denied a fair trial by several instances of prosecutorial misconduct.

Proposition No. IV:    Under the circumstances of this case, Mr. Williams' sentence of life imprisonment without parole is excessive and should be modified.

(Dkt. # 4, Ex. A.)  On April 26, 2001, the OCCA affirmed Petitioner's convictions in an unpublished summary opinion.  (Dkt. # 4, Ex. B).  No state post-conviction application was filed.

Petitioner filed the instant habeas corpus action on July 18, 2002 (Dkt. # 1).  In his petition, Petitioner raises a single ground of error, as follows:

There was insufficient evidence to support the conviction for first degree murder; Mr. Williams acted in self-defense.

(Dkt. # 1).  In response to the petition, Respondent asserts that Petitioner is not entitled to habeas corpus relief because his claim lacks merit (Dkt. # 4).

2

*ANALYSIS*

**A.    Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c).  See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent concedes and the Court agrees that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing.  See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B.    Standard of review**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  In this case, the OCCA adjudicated Petitioner's claim on direct appeal.  Therefore, the claim shall be reviewed pursuant to § 2254(d).

In examining Petitioner's sufficiency of the evidence claim, the appropriate inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).  In evaluating the evidence presented at trial, the Court does not

weigh conflicting evidence or consider witness credibility.  Wingfield v. Massie, 122 F.3d 1329, 1332 (10th Cir. 1997); Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996).  Instead, the Court must view the evidence in the "light most favorable to the prosecution," Jackson, 443 U.S. at 319, and "accept the jury's resolution of the evidence as long as it is within the bounds of reason." Grubbs v. Hannigan, 982 F.2d 1483, 1487 (10th Cir. 1993).

Tenth Circuit authority is divided as to whether a sufficiency-of-the-evidence issue is a question of law or fact. Webber v. Scott, 390 F.3d 1169, 1178 (10th Cir. 2004). If treated as a legal claim, this Court must evaluate whether the OCCA unreasonably applied the standard from Jackson. Id. If treated as a factual finding, the analysis falls under § 2254(d)(2). Petitioner's claim in this case fails under either standard.

## C.    Petitioner not entitled to relief

Oklahoma law provides the substantive elements of first degree murder applicable to the sufficiency of the evidence standard.  Spears v. Mullin, 343 F.3d 1215, 1238 (10th Cir. 2003); see also Jackson, 443 U.S. at 324 n. 16. In relevant part, the Oklahoma first-degree murder statute provides:

> A person commits murder in the first degree when that person unlawfully and with malice aforethought causes the death of another human being. Malice is that deliberate intention unlawfully to take away the life of a human being, which is manifested by external circumstances capable of proof.

Okla. Stat. tit. 21, § 701.7A.

In this case, the Court finds that the jury could reasonably have found proof of guilt beyond a reasonable doubt that Petitioner committed the offense of Murder in the First Degree and that Petitioner was not acting in self-defense. Petitioner admitted he fired the gunshots that killed Ivan Mays (Dkt. # 4, Tr. Tran. Vol. 4 at 800). LaWane Williams testified that she heard two gunshots, then

4

saw Petitioner get out of the car and fire a third shot at the victim before driving off (Dkt. #4, Tr.

Tran. Vol. 2 at 332). Her testimony directly conflicts with Petitioner's claim that he fired all three

shots from inside the car while Mr. Mays was beating him. Ms. Williams testified as follows:

> Q:    Okay. So you opened your window and I think you told us last – what happened then?
>
> A:    I hear – after I see the fistfight and then I hear the two shots that come from inside of the car.
>
> Q:    Tell us, if you can, by demonstrating the timing of the two shots.
>
> A:    They were pop, pop, right behind each other.
>
> Q:    That quick?
>
> A:    Yes.
>
> Q:    What was your observation at that time? Are you looking out of the window when you hear pop, pop?
>
> A:    Yes.
>
> Q:    What do you see?
>
> A:    I see Ivan stagger away from the car and then he kind of falls over, and then as he's falling over he calls my name.
>
> Q:    Ms. Williams, when Ivan left your apartment that morning, do you know of any way he could have had a firearm on his person?
>
> A:    No.
>
> Q:    What happens then?
>
> A:    He staggered and falls over, and I see Demetrius get out of the car and go over to him and shoot him a third time, and gets back to the car and drives off.

Id. at 331-32.  The jury also heard testimony from Tulsa police officer, Christopher John Griffin,

regarding the victim's dying words:

Q:      Did you try to obtain any information from him about how he had inflicted these wounds?

A:      I had asked him who shot him, and he told me Demetrius Williams had shot him.

Q:      Did he tell you why Demetrius Williams had shot him?

A:      He said Demetrius was upset. I believe he said, pissed off. He was with Demetrius' ex-girl, and he was raising their child.

Id. at 474-75.   After leaving the scene of the murder Petitioner drove to the house of a friend, Michelle Knight, because he had promised to take her to work (Dkt. #4, Tr. Tran. Vol. 4 at 802). Although Petitioner testified that he suffered a terrible beating that made him "fearful for his life," Ms. Knight testified that she did not notice any type of mark, bruising or bleeding on Petitioner. (Dkt. # 4, Tr. Tran. Vol. 3 at 428). His clothes were not torn or soiled, and he did not ask Ms. Knight for any type of first-aid equipment. Id. at 422. The officer who arrested Petitioner shortly thereafter also testified that he did not see any injuries on Petitioner and did not have any reason to believe he needed medical treatment (Dkt. #4, Tr. Tran. Vol. 3 at 536, 538).

Based on Oklahoma law and the cited testimony, the Court finds that a rational trier of fact could have found proof of Petitioner's guilt beyond a reasonable doubt of First Degree Murder and proof that he was not acting in self-defense. The jury's resolution of the issues was within the bounds of reason. Grubbs v. Hannigan, 982 F.2d 1483, 1487 (10th Cir. 1993). The OCCA's rejection of Petitioner's direct appeal was not an unreasonable application of Jackson, nor was the decision of the OCCA based on an unreasonable determination of the facts in light of the evidence presented by the State.  Thus, Petitioner has failed to satisfy the § 2254(d) standard and his request for habeas corpus relief based on a challenge to the sufficiency of the evidence shall be denied.

*CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for writ of habeas corpus (Dkt. # 1) is **denied**.

**IT IS SO ORDERED** this 30th day of August, 2005.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

7